IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALJAWON MILES,

    **Plaintiff,**

    v.                                                 CASE NO. 19-3082-SAC

CHARLOTTE WESTOFF, et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. On May 2, 2019, the Court entered a Notice of Deficiency (Doc. 3) granting Plaintiff until June 3, 2019, in which to submit his complaint and motion to proceed in forma pauperis on court-approved forms, and to submit the financial information required by 28 U.S.C. § 1915(a)(2). *See* D. Kan. Rule 9.1(a). The proper forms were provided to Plaintiff with the Notice of Deficiency. Plaintiff failed to submit his complaint and motion to proceed in forma pauperis on court-approved forms or to provide the required financial information by the deadline. On June 7, 2019, the Court entered an Order to Show Cause (Doc. 4) ("OSC"), granting Plaintiff until June 28, 2019, in which to show good cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders.

The OSC was mailed to Plaintiff at his current address of record and was returned as undeliverable. (Doc. 5.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan.

Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC within the allowed time.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the Court's OSC within the allowed time.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 2nd day of July, 2019.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge